IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD A. CANATELLA,<br><br>        Petitioner,<br>  v.<br><br>UNITED STATES OF AMERICA,<br><br>        Respondent.<br>_____/ | No. C 11-02175 SI<br><br>**ORDER GRANTING MOTION TO DISMISS PETITION TO QUASH AND COMPELLING COMPLIANCE AND GRANTING MOTION FOR PROTECTIVE ORDER** |

      Petitioner Richard A. Canatella has petitioned the Court to quash third-party summonses issued in connection with an on-going tax liability investigation. Respondent United States of America has moved to dismiss the petition and to compel compliance. A hearing on the matter is currently scheduled for July 15, 2011 at 9:00 a.m. Respondent's additional motion for a protective order is currently scheduled for hearing on July 29, 2011 at 9:00 a.m. Petitioner's opposition to that motion was filed on July 7, 2011. Pursuant to Civil Local Rule 7-1(b), the Court finds these matters appropriate for resolution without oral argument and hereby VACATES both hearings. Having considered the papers submitted, and for good cause shown, the Court hereby GRANTS respondent's motion to dismiss the petition to quash and motion to compel compliance and GRANTS respondent's motion for protective order.

**BACKGROUND**

      The Internal Revenue Service (IRS) is investigating petitioner, Richard Canatella, and his wife, Zini Canatella, in order to determine their 2007 federal income tax liability. Previously, on December 16, 2010, Revenue Agent Johnson An, the IRS agent in charge of the investigation, served third-party

summonses on Wachovia Bank, Countrywide Home Loans, JP Morgan Chase, and Bank of America, N.A.. Petitioner's motion to quash the summonses was denied by this Court in a related case, *Canatella v. United States*, No. 10-CV-05970-SI, 2011 U.S. Dist. LEXIS 39901 (N.D. Cal. 2011) (terminated April 28, 2011).

On April 25, 2011, Agent An served new summonses on US Bank National Association. On May 16, 2011, Agent An served additional summonses on Citibank, MBNA America Bank/Bank of America, N.A., and Wells Fargo Bank N.A. dba Wachovia Bank/World Savings Bank. Agent An believes that the above mentioned third-party banks "are in possession and control of records, paper and other data regarding income, assets and liabilities, and other matters relevant to the investigation." Declaration of Agent Johnson An Supporting Govt.'s Motion to Dismiss at ¶ 4. Agent An gave notice of the summonses to petitioner on April 25, 2011 and May 16, 2011. *Id.* at ¶¶ 4-5. None of the third-parties have yet produced the summonsed items.

Petitioner, an attorney representing himself, filed a petition to quash this second round of summonses on May 3, 2011, followed by an amended petition to quash on June 6, 2011. The amended petition seeks a court order quashing the summonses and granting petitioner discovery and an evidentiary hearing. Amended Petition at 9. Also on June 6, 2011, respondent filed a motion to dismiss the petition to quash and to enforce the summonses, arguing that it fulfilled its good faith requirements for enforcement and that petitioner has not set forth adequate grounds to prevent enforcement. Govt. Motion to Dismiss at 4, 6.

On July 20, 2011, petitioner filed a combined answer, affirmative defenses, and proposed counterclaims with renewed requests for an evidentiary hearing and limited discovery (hereinafter "opposition"). In his opposition, petitioner alleges, *inter alia*, that the summonses were issued for improper purposes, which constitutes an abuse of process. Petitioner's Opposition at 1. First, petitioner alleges that "the instant summonses were issued in retaliation for respondent's complaints to Agent An['s] . . . supervisor Oliveras regarding an improper telephone interview" of petitioner's wife, in which petitioner believes Agent An deliberately violated Mrs. Canatella's "adverse spousal testimony" and "marital communications" privileges. *Id.* at ¶¶ 4-5. Second, petitioner claims that the summonses were "for racial or otherwise class-based, invidiously discriminatory animus and other improper purposes

reflecting adversely on the good faith of the examination." *Id.* at ¶ 4.

On June 21, 2011, respondent filed a motion for protective order under Rule 26(c)(1) of the Federal Rules of Civil Procedure, requesting that the Court not allow discovery in this action. Petitioner filed a motion for continuance on July 5, 2011, arguing that the motion to dismiss should not be heard before the Court rules on the discovery issue, so that petitioner may have the opportunity to acquire the evidence necessary for his opposition to the summonses' enforcement. Petitioner's Motion to Continue at 2-3.[1] Petitioner also filed an opposition to respondent's motion for protective order on July 7, 2011.

## DISCUSSION

**1. United States' motion to dismiss petition to quash and compel compliance**

**A. Legal standard**

The Internal Revenue Code authorizes the IRS to issue summonses to third parties to testify and produce records for purposes of ascertaining the correctness of a tax return or determining the tax liability of any person. *See* 26 U.S.C.A. §§ 7602 and 7609; *United States v. Derr*, 968 F.2d 943, 945 (9th Cir. 1992). District courts have jurisdiction to review petitions to quash a summons and to order its enforcement. *See* 26 U.S.C.A. §§ 7604(a) and 7609(h)(1).

To enforce a summons, the IRS must establish a prima facie case: (1) that there is a legitimate purpose for the investigation; (2) that the material sought in the summons is relevant to that purpose; (3) that the material sought is not already within the possession of the IRS; and (4) that those administrative steps which are required by the Internal Revenue Code have been taken. *United States v. Powell*, 379 U.S. 48, 57-58 (1964). Once the government establishes its prima facie case, the party moving to quash the summons carries the burden of disproving the existence of a valid purpose or proving that enforcement of the summons would be an abuse of the court's process. *Id.* at 58. Abuse of process takes place "if the summons had been issued for an improper purpose, such as to harass the taxpayer or to put pressure on him to settle a collateral dispute, or for any other purpose reflecting on

---

[1] As discussed below, the Court finds, after reviewing petitioner's brief in opposition to the motion for a protective order, that he is not entitled to discovery or an evidentiary hearing. Therefore the Motion to Continue (Docket No. 18) is DENIED as moot.

3

the good faith of the particular investigation." *Id.*

The Ninth Circuit has further stated:

> The government's burden is a "slight one" and typically is satisfied by the introduction of the sworn declaration of the revenue agent who issued the summons that the *Powell* requirements have been met. *United States v. Dynavac, Inc.*, 6 F.3d 1407, 1414 (9th Cir.1993); *United States v. Gilleran*, 992 F.2d 232, 233 (9th Cir.1993). Once a prima facie case is made a "heavy" burden is placed on the taxpayer to show an "abuse of process" or "the lack of institutional good faith." *Dynavac*, 6 F.3d at 1414.

*Fortney v. United States*, 59 F.3d 117, 120 (9th Cir. 1995).

### B. The IRS has established a prima facie case supporting enforcement of the summonses

In line with a policy of reading the statutes "broadly in order to ensure that the enforcement powers of the IRS are not unduly restricted," the IRS need only provide the investigating agent's affidavit stating that the *Powell* factors are met to establish a prima facie case for enforcement of summonses. *Liberty Fin. Serv. v. United States*, 778 F.2d 1390, 1392 (9th Cir. 1985). Here, the IRS has provided a declaration by Agent An showing that the *Powell* factors are satisfied in order to defeat petitioner's motion to quash. *See* An Decl. The declaration establishes that: (1) the investigation has the legitimate purpose of ascertaining the Canatellas' tax liability, (2) the third party summonses to US Bank National Association, Citibank, MBNA America Bank/Bank of America, N.A., and Wells Fargo Bank N.A. dba Wachovia Bank/World Savings Bank were issued to gather material relevant to ascertaining the Canatellas' tax liability, (3) that the materials sought by the summonses are not already within the possession of the IRS, and (4) that all administrative steps required by the Internal Revenue Code were taken. *See* An Decl. at ¶¶ 2-4, ¶¶ 8-9. Respondent's showing is sufficient. Therefore, not only did the IRS properly issue the summonses initially, it has appropriately responded to the instant petition to quash and established a prima facie case for enforcement of the summonses.

Petitioner challenges the government's satisfaction of the second *Powell* factor of relevance, arguing that the records sought for December 2006 and January 2008 are not relevant to petitioner's tax liability for 2007. The relevance standard for IRS summons is not the same as admissibility standards; summonsed material is relevant if it might "throw light" upon the correctness of the return. *United*

4

*States v. Arthur Young & Co.*, 465 U.S. 805, 814 (1984). Congress expressly intended for the IRS to obtain materials "of even *potential* relevance to an ongoing investigation." *Id.* (emphasis original) Here, Agent An's declaration demonstrates that the summonsed materials are relevant, satisfying the requisite minimal showing for prima facie enforcement. Moreover, as respondent points out, the December 2006 and January 2008 records sought are relevant to a 2007 return, because the records may contain transactions affecting the beginning and end of the 2007 tax year. Mot. to Dismiss at 6. The records for those months are not in the IRS's possession and are necessary for Agent An's investigation. An Decl. at ¶¶ 3-4. Contrary to petitioner's claims, his situation is not analogous to one in which the IRS has summonsed materials from other years that have no transactions affecting the beginning or end of the tax year under investigation. Amend. Pet. at ¶¶ 11-13 (citing *United States v. Goldman*, 673 F.2d 664, 667 (9th Cir. 1980) (holding that government was required to do more than assert relevance to satisfy burden for summons for years 1970-72 when investigation covered years 1973-76)). The Court finds that the records for December 2006 and January 2008 are relevant.

### C. **Petitioner has not met his burden to support quashing the summonses**

As the IRS has established a prima facie case for enforcement of the summonses, the burden shifts to petitioner to "'challenge the summons on any appropriate ground,'" such as alleging that the IRS abused the court's process by issuing the summons "for an improper purpose, such as to harass the taxpayer or to put pressure on him to settle a collateral dispute, or for any other purpose reflecting on the good faith of the particular investigation." *Powell*, 379 U.S. at 58 (quoting *Reisman v. Caplin*, 375 U.S. 440, 449 (1964)). Petitioner's burden is "a heavy one," requiring "specific facts and evidence to support his allegations." *Liberty Fin. Serv.*, 778 F.2d at 1392.

Petitioner alleges that the IRS's conduct "permits an inference that the summonses were issued in retaliation for petitioner's complaints about IRS agents' alleged racially discriminatory motives, and improper attempts to pierce marital privileges in an interview of petitioner's wife." Amend. Pet. at ¶ 16. These claims are further detailed in petitioner's opposition, in which petitioner alleges that the issuance of summonses was retaliatory and violated petitioner's First and Fifth Amendment rights. However, none of these allegations support quashing the summonses.

This Court previously addressed and rejected petitioner's nearly identical arguments. *See Canatella*, No. 10-CV-5970-SI, 2011 U.S. Dist. LEXIS 39901 (Apr. 5, 2011). Although reworded, petitioner's First Amendment argument remains fundamentally the same: petitioner alleges that Agents An and Chang Le Que (the agent preceding Agent An on the investigation) "attempted to deter or chill respondent's speaking out against harassing agent conduct and such deterrence was a substantial or motivating factor in such conduct." Pet. Opp'n at ¶ 19. Petitioner then argues that he "has made 'a prima facie showing of arguable first amendment infringement' arising out of the disclosure of non taxpayer information from the summoned financial institutions." *Id.* Petitioner objects to the relevance of "identifying information on checks, endorsements and deposit slips from individuals other than the tax payers," but it is unclear how petitioner's request for redaction of this information is related to the alleged chilling of petitioner's speaking out against harassing conduct. *Id.* Petitioner has again failed to provide any "specific facts and evidence" showing that Agents An and Chang possessed any intent to infringe upon petitioner's First Amendment rights or make a prima facie showing of infringement. *See Liberty Fin. Serv.*, 778 F.2d at 1392. Because petitioner is unable to make a prima facie showing of infringement, petitioner's arguments regarding the government's need to "demonstrate a cogent and compelling governmental interest in the disclosure" are moot. *United States v. Trader's State Bank*, 695 F.2d 1132, 1133 (9th Cir. 1983) (per curiam).

Petitioner also again raises his argument that Agents An and Chang violated his Fifth Amendment right to equal protection under the law by selectively enforcing tax laws against petitioner on the basis of race. Pet. Opp'n at ¶¶ 16-26. Petitioner alleges that Agents An and Chang are Asian and that they treated him differently based on "plaintiff's class based status as a Caucasian in a protected class of Asians." *Id.* at ¶ 23, p. 18. As in his previous petition to quash third party summonses, petitioner again fails to cite any specific facts and evidence supporting his allegations of racial discrimination. Petitioner states that he is "informed and believes that the agents who are Asian, made racist remarks in substance or effect that Caucasians 'can't be trusted' and 'Caucasian attorney taxpayers are cheats,'" and that the agents "expressed a preference for Asian taxpayers seeing them as 'hardworking' or deserving of a 'break' in the examination process." *Id.* at ¶ 25.

Petitioner provides no <u>facts</u> as to when or where these comments were made or why he believes

6

they were made. Petitioner apparently derives his conclusions of racial discrimination from his personal interpretation of the agents' facial expressions and physical demeanor and on what petitioner speculates the agents might have been thinking. Petitioner has not stated more than speculative "labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). Rather, his allegations are "mere conclusory statements [which] do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). Petitioner further admits that he is unable to establish a prima facie case of discrimination without discovery; however, as discussed below, he is not entitled to discovery in this proceeding. Therefore, this Court again finds that petitioner has failed to meet his heavy burden to show a possible violation of his Fifth Amendment rights.

Petitioner's remaining objections to the summonses involve what petitioner believes to have been an invasion of his marital privacy. Specifically, petitioner argues that during Agent An's interview with petitioner's wife, Agent An improperly focused on private marital affairs that had no relevance to the tax liability investigation; that Agent An failed to notify petitioner of his contact with petitioner's wife; that Agent An violated the Canatellas' "adverse spousal testimony" and "marital communications" privileges; that Agent An publically disclosed petitioner's private marital affairs by disseminating his report on the interview with petitioner's wife to IRS employees; and that Agent An "effectively gained access to claimant's home when he telephoned wife." Pet. Opp'n at ¶¶ 5-16.

Relevant to the instant motion, petitioner alleges that the current third-party summonses are in retaliation for petitioner's complaints to Agent An's supervisor about "improper attempts to pierce marital privileges in an interview of petitioner's wife (without notice to petitioner) and without informing wife" about communications privileges, and thus the summonses represent an abuse of the court's process. Amend. Pet. at ¶ 16. As discussed above, the summonses are relevant to the IRS investigation which began before the alleged violations of petitioner's marital privileges and before petitioner complained about Agent An's conduct. Respondent has demonstrated the relevance of the items sought by the summonses through Agent An's declaration. *See* An. Decl. at ¶¶ 3, 8.[2]

---

[2]In his opposition, petitioner attempts to state "counterclaims" against the IRS based on their alleged violations of his marital privileges and invasion of his privacy. Petitioner contends that he is able to assert counterclaims through his "answer" to respondent's motion to dismiss under *Judicial*

7

Moreover, respondent argues that, contrary to petitioner's claims, Agent An's interview with petitioner's wife was not an intrusion into petitioner's marital affairs or communication and did not "'focus[] on the couple's separation and a five-page personal letter from wife'" regarding the couple's estrangement. Govt. Reply to Pet. Opp'n at 4. In his report on the interview, Agent An made no mention of petitioner's marital affairs other than to confirm that petitioner and his wife were currently separating, information petitioner had already divulged. Canatella Decl., Exh. A ¶ 4. Given that the five-page personal letter petitioner complains of was produced along with bookkeeping documents for petitioner's business, the letter could reasonably have had a relation to the bookkeeping documents and thus to the tax liability investigation. Once petitioner's wife made it clear that she did not want to discuss the personal contents of the letter, Agent An made no further inquiries into the letter. *Id.* at ¶¶ 6-7. Nor did he object to her intention to censor the personal details before forwarding him copies of the bookkeeping documents. *Id.* at ¶ 12. At base, inquiries into Mrs. Canatella's work history as bookkeeper for petitioner's business are not intrusions into personal marital relationships, and there is no evidence that Agent An inappropriately focused on petitioner's private marital relationship.

Petitioner has failed to meet his burden to quash the summonses. Accordingly, this Court GRANTS respondent's motion to dismiss the petition to quash third-party summonses and to compel compliance.[3]

---

*Watch, Inc. v. Rossotti*, 317 F.3d 401, 410 (4th Cir. 2003). The court in *Judicial Watch*, however, noted only that "in response to an audit or other activities involved in the investigation of its tax liability, Judicial Watch could simply resist the audit, force the IRS to initiate a summons enforcement proceeding, and then challenge the validity of the audit in that forum." *Id.* Here, the current proceeding regarding the petition to quash and motion to dismiss is not the proper forum for petitioner's counterclaims. Petitioner may file a separate affirmative action to recover for his injuries if he so chooses.

[3] In its reply brief, respondent moves to strike the Declaration of Richard A. Canatella attached to petitioner's opposition. Govt. Reply to Opp'n. at 8. Respondent contends that petitioner's declaration is "riddled with conclusions and argument" and fails to specify the basis for his numerous statements made upon information and belief. *Id.* Respondent further argues that statements made in the declaration are "pure fantasies" and "demonstrated lies," and that petitioner's claims are frivolous. *Id.* The Court has reviewed petitioner's declaration. While it contains many assertions that appear to be contradicted by the government's declaration and evidence, and the claims of discrimination are not supported by facts, the government's objections are essentially to the weight of the evidence of discrimination and improper purpose. As such, the court DENIES the motion to strike.

8

**2.   Petitioner's request for discovery and an evidentiary hearing and United States' motion for a protective order**

**A.   Legal standard**

Where a party moves to quash an IRS summons on the basis of improper purpose, the Ninth Circuit has held that the taxpayer "must, in fact, be able to provide a minimal amount of evidence just to entitle him or her to an evidentiary hearing." *United States v. Stuckey*, 646 F.2d 1369, 1372 (9th Cir. 1981). Courts may "allow limited discovery only if the taxpayer can make a substantial preliminary showing of abuse or wrongdoing." *Id.* at 1374. Following a taxpayer's sufficient demonstration, a limited evidentiary hearing is held. *Id.* If the trial court believes the summonses were issued for an improper purpose, it can then permit discovery at its discretion, but pre-hearing discovery is generally not required. *Id.* Moreover, a taxpayer is only entitled to "discover the identities of the investigating agents, the date the investigation began, the dates of all summonses issued, and the nature of any contacts between the investigating agents and the Department of Justice." *Id.* (citing *United States v. Genser*, 595 F.2d 146, 152 (3d. Cir. 1979)). Any further discovery must be carefully tailored and at the court's discretion. *Id.*

Congress intended summons enforcement proceedings to be summary in nature and discovery correspondingly limited. *United States v. Stuart*, 489 U.S. 353, 369 (1989) (quoting S. Rep. No. 97-494, vol. 1, at 285 (1982)); 1982 U.S.C.C.A.N. 781, 1031. In fact, "discovery in a summary summons enforcement proceeding is the exception rather than the rule." *Chen Chi Wang v. United States*, 757 F.2d 1000, 1004 (9th Cir. 1985) (citing *United States v. Church of Scientology of California*, 520 F.2d 818, 824 (9th Cir. 1975) (holding that allowing church to depose IRS agents and inspect IRS records would impede what is supposed to be summary enforcement procedure)). "The party resisting enforcement should be required to do more than allege an improper purpose before discovery is granted," and some evidence that supports the allegations should be introduced. *Church of Scientology*, 520 F.2d at 824. Petitioner must allege "specific facts and evidence to support his allegations." *Liberty Fin. Serv.*, 778 F.2d at 1392.

**B.   Petitioner is not entitled to discovery or an evidentiary hearing**

Petitioner has requested an evidentiary hearing and limited discovery in order for him to produce

9

concrete evidence of racial discrimination and retaliatory action against him. Pet. Opp'n at 26, 46, 48. On May 19, 2011, petitioner sent a request for production of documents to respondent, seeking all documents produced pursuant to the third-party summonses issued to Wachovia Bank, Countrywide Home Loans, JP Morgan Chase, Bank of America, N.A., US Bank National Association, Citibank, and Wells Fargo Bank, N.A.. Respondent's Motion for Protective Order at 2. Respondent then filed a motion for a protective order to prevent any discovery in this matter.

The Court has reviewed petitioner's request for an evidentiary hearing and his opposition to the motion for a protective order. Nothing in his opposition changes the Court's opinion that, as discussed above, petitioner has failed to allege the requisite specific facts and evidence to support his allegations of retaliatory actions based on racial discrimination or improper purpose for the IRS summonses. Petitioner's arguments and declarations are insufficient, and his allegations do not warrant an evidentiary hearing or discovery. Accordingly, the Court GRANTS respondent's motion for protective order. Petitioner shall serve no more requests for discovery upon respondent under this case number.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby GRANTS respondent's motion to dismiss the petition to quash and compel compliance (Docket No. 9). The Court GRANTS respondent's motion for protective order (Docket No. 15). The Court DENIES petitioner's motion for continuance (Docket No. 18).

**IT IS SO ORDERED.**

Dated: July 12, 2011

SUSAN ILLSTON
United States District Judge